IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION,<br><br>    Defendants.<br>_____/ | No. C 12-4894 CW (PR) |
| STEVEN WAYNE BONILLA,<br><br>    Plaintiff,<br><br>  v.<br><br>SUPERIOR COURT OF ALAMEDA COUNTY, JEFFREY W. HORNER,<br><br>    Defendants.<br>_____/ | No. C 12-5090 CW (PR) |
| STEVEN WAYNE BONILLA,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION,<br><br>    Defendants.<br>_____/ | No. C 12-5091 CW (PR)<br><br>ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS; DISMISSING ACTIONS; TERMINATING ALL PENDING MOTIONS; DIRECTING CLERK TO FILE COPY OF ORDER IN C 08-0471 CW |

    Plaintiff, a state prisoner proceeding pro se, seeks leave to proceed in forma pauperis (IFP) in these three civil actions. The Court previously informed Plaintiff that, in accordance with 28 U.S.C. § 1915(g), he no longer qualifies to proceed IFP in any civil action he files in this Court. See In re Steven Bonilla, Nos. C 11-3180, et seq. CW (PR), Order of Dismissal at 6:23-7:19.

The sole exception to this restriction is that Plaintiff may proceed IFP if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. See <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007).

Here, Plaintiff has not alleged facts that show he was in imminent danger of serious physical injury at the time he filed these complaints. Rather, in cases C 12-4894 and C 12-5091, Plaintiff complains that the Department of Justice and the Federal Bureau of Investigation have denied his FOIA request for documents pertinent to challenging the validity of his criminal conviction. He seeks a ruling from this Court requiring that he be provided with the documents. In case C 12-5090, he complains that the judge who presided over his criminal trial wrongly denied his request for exculpatory evidence from the prosecution. He seeks a ruling from this Court that the judge's ruling denied him a fair trial.

The fact that Plaintiff has been sentenced to death does not, at this time, satisfy the imminent danger requirement. He is not in imminent danger of execution because this Court has entered a stay of execution in his pending federal habeas corpus action. See <u>Bonilla v. Ayers</u>, No. C 08-0471 CW (PR), Docket no. 3.

Further, the relief Plaintiff seeks in these cases pertains solely to his ongoing attempts to invalidate his conviction. Therefore, such claims, if raised, must be brought by appointed counsel in Plaintiff's pending federal habeas corpus action.

Accordingly, for the foregoing reasons, Plaintiff's requests to proceed IFP are DENIED and these actions are hereby DISMISSED.

2

1   The Clerk of the Court shall terminate all pending motions,
2   enter judgment and close the files.
3   The Clerk shall file a copy of this Order in C 08-0471 CW.
4   IT IS SO ORDERED.
5   DATED: 11/8/2012
                                    CLAUDIA WILKEN
6                                   United States District Judge